## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1-21-cv-23295-JLK

HOWARD MICHAEL CAPLAN

     Plaintiff

vs.

DANYANDY LLC, a Florida Limited
Liability Company d/b/a THE SEXY BOX
And JASMIN INVESTMENTS LLC, a
Florida Limited Liability Company

     Defendant.

_____/

### DANYANDY, LLC's AND JASMIN INVESTMENT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW**, the Defendants, DANYANDY LLC d/b/a THE SEXY BOX and JASMIN INVESTMENTS, LLC by and through undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiff's Complaint and states:

1.     In response to Paragraph 1 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff attempts to allege an action for damages under the Americans with Disabilities Act, but denies the allegations contained in Paragraph 1 inasmuch as the Plaintiff alleges or implies any wrongdoing by Defendant, that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

2.     Admitted.

3.     As to the first two sentences of Paragraph 3, Defendant is without sufficient knowledge to form a belief as to the truth of the matters asserted, and they are, therefore, denied. As to the third and fourth sentences, denied.

4.     Defendant is without sufficient knowledge to form a belief as to the truth of the matters asserted, and they are, therefore, denied

5.      Admitted the DanyAndy and Jasmin Investments are authorized to conduct business in Florida, and that DanyAndy d/b/a The Sexy Box is the lessee, and Jasmin Investments is the lessor of the property located at 11055 Biscayne Blvd, North Miami, Florida 33181.

### CLAIMS: VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT.

6.      Defendants adopt and re-allege its responses to the allegations stated in Paragraphs 1-5.

7.      In response to the allegations contained in Paragraph 7 of the Plaintiff's Complaint, Defendant states that the American with Disabilities Act speaks for itself and any characterizations or description thereof is denied.

8.      This is a legal conclusion or statement of law, and not an allegation of fact, therefore, to the extent that this paragraph must be admitted or denied, it is denied.

9.      This is a legal conclusion or statement of law, and not an allegation of fact, therefore, to the extent that this paragraph must be admitted or denied, it is denied,

10.     This is a legal conclusion or statement of law, and not an allegation of fact, therefore, to the extent that this paragraph must be admitted or denied, it is denied.

11.     Denied

12.     Denied

13.     In response to the first three sentences of Paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the matters asserted therein, and they are therefore, denied. All other allegations are denied.

14.     This is a legal conclusion or statement of law, and not an allegation of fact, therefore to the extent that this paragraph must be admitted or denied, it is denied.

15.     Denied

16.     Denied

17.     Denied

18.     Denied

19.     Denied

20.     Denied

### REQUEST FOR RELIEF

21.     Denied

22.     Denied

23.     Denied

24.     Denied

25.     Denied

## **AFFIRMATIVE DEFENSES**

1.      As a First Affirmative Defense, Defendants state that the Plaintiff has not suffered a cognizable injury or damages, including in the future.

2.      As a Second Affirmative Defense, Plaintiff's claims in the Complaint fail to state a claim upon which relief may be granted

3.      As a Third Affirmative Defense, Defendants limit liability to the extent that the property possessed was built prior to January 26, 1992, and therefore not subject to the ADA guidelines for new construction.

4.      As a Fourth Affirmative Defense, Defendants limit liability to the extent that any alterations to the property occurred prior to September 15, 2010 and are subject to the 1991 ADA standards.

5.      As a Fifth Affirmative Defense, Plaintiff does not have standing to assert any of claims asserted in the Complaint because he has not suffered a cognizable injury or damages as he has never patronized or visited the subject property with the intent to patronize it; nor does he have a definite intention of patronizing or visiting the property in the future for that purpose.

6.      As a Sixth Affirmative Defense, the barrier removals the Plaintiff seeks are either not readily achievable, not required, technically infeasible, would create an undue burden on the defendants, would fundamentally alter the use of the property and/or would create a risk to the health and safety of the Plaintiff's and or use of others.

7.      As a Seventh Affirmative Defense, Defendant has made and continues to make a good faith effort to comply with The Americans with Disabilities Act.

8.      As an Eighth Affirmative Defense, Plaintiff's claims are barred because the claimed violations are "de minimus" and not actionable, as such violations do not materially impair Plaintiff's use of an area for an intended purpose.

9.      As a Ninth Affirmative Defense, Defendants have neither taken nor ratified any action with discriminatory purpose or intent. Rather, contrary to Plaintiff's allegations, Defendants have acted in good faith and have not authorized any action prohibited by law or committed any unlawful practice, or engaged in any inappropriate activities.

10.     As a Tenth Affirmative Defense, Plaintiff's attorney's fees, expenses and costs are not reasonable and necessary, particularly in light of Plaintiff's failure to give any notice of their

claims to Defendant before filing suit, and Defendant's willingness to immediately conduct an inspection of the property at issue.

11.     As an Eleventh Affirmative Defense, the Plaintiff is not entitled to injunctive Relief because he has failed to show a real and immediate threat of future harm.

12.     As a Twelfth Affirmative Defense, Plaintiff lacks standing o seek injunctive relief or other relief with respect to barriers not actually encountered by the Plaintiff and as to which there was no prior notice as of the time of filing the complaint.

**DEMAND FOR JURY TRIAL**

The Defendants Demand a trial by jury on all issues so triable.


Scott Egleston, PA
*Counsel for Defendants*
Florida Bar Number 883425
152 N.E. 167th Street Suite 300
Miami, Florida 33162
Telephone: (305) 892-8088
Email: scott@eglestonlegal.com


By /s/Scott Egleston_____
 Scott Egleston, Esq.


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** a true and correct copy of the foregoing was served by electronically filing with the Clerk of Court using CM/ECF on this 28th day of September 2021 , on all counsel or parties of record on the service list below


By:  /s/Scott Egleston____
   Scott Egleston, Esq
   Florida Bar No. 883425

**SERVICE LIST**

**Ronald E. Stern, Esquire**
**The Advocacy Law Firm, P.A.**
**1250 E. Hallandale Beach Boulevard**
**Suite 503**
**Hallandale Beach, Florida 33009**

**Telephone No.: 954-639-1706**
**Facsimile: 954-639-7198**
**E-Mail: ronsternlaw@gmail.com**